HARRY ABRAMS, Respondent, v. JOHN B. COSTAS, Appellant.

(Supreme Court, Appellate Term, First Department, March, 1918.)

Counterclaim — Municipal Court of city of New York — actions — negligence — pleading — evidence.

> In an action brought in the Municipal Court of the city of New York to recover rent the defendant, who counterclaims for the amount of damage to his goods during his occupancy of the leased premises by reason of defective plumbing due to the alleged negligence of the plaintiff who agreed to pay the amount stated in the counterclaim, is entitled to offer evidence in support of his counterclaim, and the exclusion of testimony, under a ruling that a counterclaim in negligence could not be pleaded in the action, was error calling for the reversal of a judgment in favor of plaintiff.

APPEAL by defendant from judgment of the Municipal Court of the city of New York, borough of Manhattan, seventh district, in favor of plaintiff.

Macklin, Brown & Purdy (Theodore H. Ward, of counsel), for appellant.

Harry A. Gordon (Reuben Tally, of counsel), for respondent.

GUY, J. The landlord by oral complaint sued for rent; the tenant answered "general denial, demands bill of particulars, counterclaim for $187.65," and filed a bill of particulars of his counterclaim, in which it is stated that during his occupancy of the demised premises goods of the value of $187.65 were damaged by reason of defective plumbing in the landlord's building, which defective plumbing was due to the neglect

and carelessness of the landlord, and that the landlord agreed to pay the tenant $187.65 for the damages.

On the trial the tenant was prevented, under plaintiff's objection, from showing the damage as alleged in the counterclaim, the court stating that the counterclaim in negligence could not be set up, to which ruling defendant excepted.

It is evident that defendant's bill of particulars was drawn by his counsel with the view of obviating the objection under the Code of Civil Procedure and the former Municipal Court Act to interposing a counterclaim for negligence in an action on contract, and the ruling of the trial court was based on the provisions of those statutes.

Under the Municipal Court Code, however, which defines the present practice in that court, it is permissible to plead a counterclaim based on tort in an action on contract.  Mun. Ct. Code, § 85.  And see Lauer's Edition, 414–418.

If defendant proved, as claimed in his bill of particulars, that by reason of the negligence of plaintiff water escaped from a pipe on the premises and damaged defendant's property the landlord would be liable for the damages irrespective of the question whether he agreed to pay such damage or not.

Although the court apparently, under the provisions of section 85 of the Municipal Court Code, has in certain cases the right to strike out a counterclaim, such power was not exercised in this case, the court excluding evidence evidently for the sole reason that it was an effort to prove a tort as against a contractual obligation.

The judgment should be reversed and a new trial ordered, with thirty dollars costs to appellant to abide the event.

WEEKS, J., concurs; MULLAN, J., concurs in opinion.

MULLAN, J. (concurring). I concur in the reversal, but upon a different ground. The counterclaim as pleaded orally was merely for the amount of $187.65 without the assignment of any ground. For a bill of particulars of his counterclaim the defendant alleged: "*First*. That heretofore the defendant was a tenant in a building owned by said plaintiff, occupying part of said building as a store and keeping therein stores of paper and paper goods. *Second.* That during the month of September, 1916, goods to the value of $187.65 were damaged by reason of defective plumbing in said building, which said defective plumbing was due to the negligence and carelessness of said plaintiff. *Third.* That said plaintiff promised and agreed to pay to said defendant said sum of $187.65 for said paper and paper goods damaged as aforesaid." It seems to me that this on its face is a statement of intention to counterclaim on the promise, and not upon the negligence upon which the promise was based, and that is all that was claimed by the defendant's counsel at the trial, and that is now claimed by him upon his brief to us. Upon the trial he attempted to prove damage to the defendant by reason of defective plumbing, and the learned trial justice said: "You cannot set up a counterclaim in negligence here," to which defendant's counsel replied: "I set up that he promised to pay for this." It is clear that the court was of the opinion that the counterclaim was for negligence, and ruled the testimony out upon the erroneous theory that a counterclaim for negligence was not allowable. I think it is equally clear, however, that the defendant was not relying upon an ability to show actionable negligence, but that he was relying upon a right to sue *ex contractu,* upon a promise, arising out of the damage to defendant's goods, to pay a particular sum supposedly representing the amount of

Fort Masonry Co. *v.* Hudson View Const. Co. 717

Misc.]          Supreme Court, February, 1918.

such damages. In his brief here defendant's counsel merely sets out Code provisions relating to counterclaims, and follows these with the bare statement that "the defendant was entitled to offer testimony as to the existence of a cause of action *on contract* existing at the commencement of the action." As the trial court refused to regard the counterclaim as upon the promise, the case should be sent back for a trial of the counterclaim as one in contract. It would be unwise to express any view as to the legal sufficiency of the counterclaim — regarded as in contract — in the absence of a written pleading or proof showing whether there was any claim of consideration for the promise other than the mere fact of damage to defendant's goods.

Judgment reversed and new trial ordered, with costs to appellant to abide event.